IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JERROLD G. NEEFF,<br><br>Plaintiff,<br><br>v.<br><br>TRUSTEES OF BOSTON UNIVERSITY, JUDITRA BURGESS, CHAOYI HOU<br><br>Defendants. | DOCKET NO: 1:22-cv-11302 |

## NOTICE OF REMOVAL

Defendants, Trustees of Boston University and Juditra Burgess (collectively, the "BU Defendants"),[1] hereby notice the removal of the above-captioned matter, pursuant to the provisions of 28 U.S.C. §§ 1441 and 1446, from the Superior Court Department of the Trial Court of Suffolk County to this Court for the following reasons:

1. The original Complaint in this matter was filed on March 3, 2022, in the Superior Court Department of the Trial Court of Suffolk County. The Defendants were never served with the original Complaint. Plaintiff filed the Amended Complaint, filed herewith at Exhibit A (pages 3-37), in Suffolk Superior Court on July 12, 2022. The BU Defendants were served with the Amended Complaint on July 15, 2022. As noted above, Defendant Chaoyi Hou has not been served in this matter.

2. The Amended Complaint contains seven claims, all pled under state law: negligence (Count I); defamation (Count II); wrongful termination/unlawful retaliation (Count III); invasion of privacy (Count IV); violation of the Massachusetts Civil Rights Act (Count V); plagiarism (Count VI); and intentional and negligent infliction of emotional distress (Count VII). See Exhibit A, pages

---

[1] Defendant Chaoyi Hou, a former student in Plaintiff's class, has not been served in this matter.

19-37.

3. Under the provisions of 28 U.S.C. § 1441 et. seq., the right exists to remove this action from the Superior Court Department of the Trial Court of Suffolk County to the United States District Court for the District of Massachusetts.

4. These claims are properly removable to this Court under 28 U.S.C. §§ 1331 and 1441(a) because all of Plaintiff's claims are completely preempted by federal law and thus arise under federal law. Additionally, under the principles of supplemental jurisdiction set forth under 28 U.S.C. § 1367, the right exists to remove the entire case to this Court to the extent any individual claim is found not to be preempted by federal law.

Counts I-V and VII are completely preempted by<br>§ 301 of the Labor-Management Relations Act

5. Counts I-V and VII are completely preempted by § 301 of the Labor-Management Relations Act of 1947, 29 U.S.C. § 185 (1994) (hereinafter, "LMRA").

6. Under the doctrine of complete preemption, "state law claims 'founded directly on rights created by collective-bargaining agreements' or 'substantially dependent on analysis of a collective-bargaining agreement'" are preempted by § 301 of the LMRA. Cavallaro v. UMass Memorial Healthcare, Inc., 678 F.3d 1, 5 (1st Cir. 2012).

7. Plaintiff is a part-time adjunct faculty member at BU, and in that capacity, he is a member of the SEIU, Local 509.[2] The terms and conditions of his employment are thus governed by the relevant collective bargaining agreement ("CBA"), filed herewith at Exhibit B.

8. Resolution of Counts I-V and VII is necessarily dependent on an analysis of the respective rights and duties of the parties under the CBA, which contains provisions governing BU's right to enforce standards of performance and conduct amongst members, to discipline or

---

[2] Plaintiff references the CBA and his status as a unionized employee in various places throughout the Amended Complaint. See, e.g., ¶¶ 22, 70, 77.

suspend members, and to conduct investigations into allegations of misconduct against members, among others.

9. Specifically, the following is a non-exhaustive list of provisions from the CBA that are directly relevant to Plaintiff's claims:

   a. **Article 2, Management Rights.** This provision articulates, *inter alia*, that the decision to maintain or enforce standards of performance and conduct and to discipline or dismiss Part-Time Faculty Members is vested exclusively with BU.

   b. **Article 8, Grievance, Mediation and Arbitration.** This provision governs the grievance and dispute resolution processes negotiated by the parties under the CBA.

   c. **Article 11, Probationary Period and Appointments.** This provision governs the procedures around appointment and non-reappointment of part-time faculty members.

   d. **Article 15, Discipline and Discharge.** This provision sets forth the just cause standard that BU must meet prior to imposing any discipline on members. It also sets forth the types of discipline permitted under the terms of the CBA. Article 15.4 specifically addresses when the University may place a member on administrative leave "to investigate potential or alleged misconduct that may result in discipline or to prevent potential harm by the continued presence of the Part-time Faculty Member." See Exhibit B, Article 15.4.

10. Plaintiff's allegations in Counts I-V and VII focus on his dissatisfaction with various dimensions of BU's investigation into allegations that he had engaged in workplace misconduct, as well as his concomitant suspension from his position. Each of these claims requires analysis of the respective rights and obligations of the parties under the relevant provisions of the CBA:

a. In **Count I** (negligence), Plaintiff alleges, *inter alia*, that BU failed to properly investigate the allegations against him in accordance with "recognized and published procedure" and lacked a reasonable basis to place him on Administrative Leave. Complaint, at ¶ 84. Evaluating this claim necessarily involves an analysis of the CBA, including but not limited to Articles 2 and 15 of the CBA, which govern BU's right to enforce standards of performance and when BU may discipline a member or place a member on leave pending an investigation into allegations of misconduct.

b. In **Count II** (defamation), Plaintiff alleges that BU's failure to properly investigate the allegations in this case led to its "endorse[ment]" of purportedly false statements provided by a witness during the investigation, which constitutes defamation here. As with Count I, evaluating this claim involves an analysis of Articles 2 and 15 of the CBA.

c. In **Count III** (wrongful termination/unlawful retaliation), Plaintiff alleges, *inter alia*, that BU violated the terms and conditions of his employment by placing him on administrative leave and suspending him. He further alleges that these actions constituted the "equivalent of termination" and were retaliatory for his efforts to seek an accommodation. Any analysis of this claim necessarily requires evaluation of the provisions of the CBA – including but not limited to those provisions governing when BU may discipline or terminate Plaintiff or make decisions regarding Plaintiff's re-appointment or non-reappointment. See, e.g., Exhibit B, Articles 2, 11, 15.

d. In **Count IV** (invasion of privacy), Plaintiff repackages his complaints about the investigation, again alleging that BU lacked an adequate rationale to investigate and subsequently suspend him from his position. He further alleges that BU failed to

employ the proper procedural standards when conducting the investigation and suspending him. As with Counts I-III, resolution of this claim involves an analysis of the rights and obligations of the parties set forth under the CBA, including but not limited to Articles 2 and 15 of the CBA.

 e. In **Count V** (violation of the Massachusetts Civil Rights Act), Plaintiff alleges that BU violated his rights while negotiating with him during the grievance process. Resolution of this claim requires an analysis of the rights and obligations set forth in the CBA, including but not limited to Article 8, which governs the grievance process and other dispute resolution mechanisms available to the parties under the contract.

 f. In **Count VII** (intentional and negligent infliction of emotional distress), Plaintiff alleges that the BU Defendants negligently and intentionally inflicted emotional distress on him through their alleged actions. The reasonableness and propriety of the BU Defendants' actions, however, must be evaluated in light of the obligations that were negotiated between the parties, as set forth in the CBA.

11. For these reasons, Counts I-V and VII are completely preempted by § 301 of the LMRA, and are thus appropriately removed to this Court pursuant to the provisions of 28 U.S.C. §§ 1331 and 1441(a). Additionally, the BU Defendants have the right to remove the entire case to this Court pursuant to the principles of supplemental jurisdiction to the extent any individual claim is found not to be preempted by federal law. 28 U.S.C. § 1367.

<u>Count VI is completely preempted by the Federal Copyright Act</u>

12. Count VI, pled as a state law claim of plagiarism, is also completely preempted by federal law. In Count VI, Plaintiff alleges that BU republished and distributed work over which he had an exclusive right without his permission.

13. This type of claim is squarely and exclusively covered by the scope of the Federal Copyright

Act, which preempts any state laws that interfere with the scope of federal copyright protections. 17 U.S.C. § 301. As such, Count VI is completely preempted by federal law and appropriately removed to this Court pursuant to the provisions of 28 U.S.C. §§ 1331 and 1441(a).

14. Both BU and Burgess consent to the removal and have signed this Notice of Removal through counsel.

15. This Notice of Removal is timely filed within thirty days of service of the Summons and Amended Complaint on the BU Defendants. See 28 U.S.C. § 1446(b)(1).

16. Copies of all process, pleadings and orders served upon BU are filed herewith as Exhibit A. Copies of all process, pleadings and orders served upon Burgess are filed herewith as Exhibit C.

17. Pursuant to 28 U.S.C. § 1446, a copy of this Notice of Removal is being filed with the Superior Court Department of the Trial Court of Suffolk County. Written notice of the filing of this Notice of Removal will be promptly given to Plaintiff.

18. Pursuant to Rule 81.1 of the Local Rules of the United States District Court for the District of Massachusetts, within twenty-eight days of the filing of this Notice of Removal, the BU Defendants will file in this Court certified or attested copies of all records and proceedings and all docket entries in the Superior Court Department of the Trial Court of Suffolk County.

19. Copies of the Civil Action Cover Sheet and Category Sheet are filed herewith as Exhibit D.

20. The BU Defendants submit this Notice of Removal without waiving any defenses to the claims assert by Plaintiff.

21. The BU Defendants reserve the right to supplement this Notice of Removal.

WHEREFORE, the BU Defendants remove the action now pending in the Superior Court Department of the Trial Court of Suffolk County at Docket No. 2284cv00472 to this Court.

        Respectfully submitted,

        TRUSTEES OF BOSTON UNIVERSITY,
        JUDITRA BURGESS,

        By their attorneys,

        */s/ Jennifer C. Pucci*
        Jennifer C. Pucci (BBO #669823)
        jcpucci@bu.edu
        Jennifer Belli (BBO #660278)
        jbelli@bu.edu
        Boston University
        Office of the General Counsel
        125 Bay State Road
        Boston, MA 02215
        (617) 353-2326

Dated:      August 12, 2022

## CERTIFICATE OF SERVICE

      I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as nonregistered participants on August 12, 2022.

                                        */s/ Jennifer C. Pucci*
                                        Jennifer C. Pucci (BBO #669823)